```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA        :
                                :
     v.                         :
                                :
DEBORAH PERYEA, CHARLES         :    CIVIL NO. 1:03CV69
ALEXANDER, SR., VERMONT         :
HOUSING FINANCE AGENCY, and     :
PAULINE SOCORELIS               :
_____:
```

RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Paper 68)

Background

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has an initial burden of informing the Court of the basis for its motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial. See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. V. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

1

Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried.  See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the moving party's favor.  Id.  "The mere existence of a scintilla of evidence in support of the [proponents'] position [is] insufficient; there must be evidence on which the jury could reasonably find for the [party]."  Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

The record demonstrates the following undisputed material facts.  On or about April 30, 2001, defendants Deborah Peryea and Charles Alexander, Sr. (hereinafter jointly referred to as "the defendants") applied for a mortgage loan with the Rural Housing Service, U.S. Department of Agriculture (hereinafter "the United States"), to finance the purchase of real property located at 1 Hopkins Street, Rutland, Vermont (hereinafter "the

Hopkins Street property"). This dispute is centered around the fact that both defendants did not execute all documents relevant to the note and mortgage which the United States eventually issued. Nevertheless, on the record before the Court, it is undisputed that both defendants intended to execute a note and mortgage in favor of the United States and to be considered owners of the Hopkins Street property. See, e.g., Doc. 69 at Ex. A, p. 5 (according to the Loan Application which both signed, the defendants "specifically acknowledge[d] and agree[d] that . . . the loan requested by this application will be secured by a mortgage or deed of trust . . .).

On or about November 16, 2001, the United States agreed to issue the defendants a $56,000 mortgage loan. Both defendants signed the Mortgage Loan Commitment, see Doc. 69 at Ex. D, and a  a Truth in Lending Statement dated December 11, 2001, see Doc. 69 at Ex. F.

On or about December 17, 2001, the defendants both executed:  a United States Department of Agriculture Rural Housing Service Payment Assistance/Deferred Mortgage Assistance Agreement, see Doc. 69 at Ex. G; a Notice to Mortgagor of Maximum Recapture Tax and Method to Compute Recapture Tax on Sale of Home; see Doc. 69 at Ex. H; and a Promissory Note naming both Ms. Peryea and Mr. Alexander as borrowers for a

3

$56,000 mortgage loan specifying the Hopkins Street property as the "property address," see Doc. 69 at Ex. J.

Although both defendants were represented by counsel at the December 17, 2001 closing, inexplicably, only Deborah Peryea executed a real estate mortgage in favor of the United States covering the Hopkins Street property.  See Doc. 69 at Ex. K.  Mr. Alexander was omitted as a named borrower on the mortgage instrument and therefore did not sign it.  As a result, although both defendants are parties to the Promissory Note, only Peryea is a signatory on the mortgage, a fact which the defendants have argued renders ineffective the United States' foreclosure on the mortgage as a result of the defendants' failure to make mortgage payments.

At the closing, Alexander questioned his attorney as to whether something was wrong when Peryea alone was asked to sign the mortgage; however, his concerns were ignored.  See Transcript of Alexander's Deposition (hereinafter "Alexander Dep.") (appended to Doc. 69 as Ex. E) at 27.  It is clear, however, that Mr. Alexander always intended to be a party to the mortgage, and he understood himself to be jointly liable with Peryea on both the note and the mortgage.  See Alexander Dep. at 19 (it was his intention to sign the mortgage) and 22 (agreeing that it was his intention to enter into a "joint" loan and mortgage with Peryea).

4

The defendants have failed to make payments to the United States as required under the note and mortgage. Because of defendants' default, on June 11, 2002, the United States accelerated the obligation and made a demand for full payment. As of this date, the defendants owe over $78,000, with interest accruing at a rate of approximately $11.83 per diem. See generally Doc. 69 at Ex. L.

## Discussion

The United States has moved (1) for an order reforming the mortgage to add Charles Alexander Sr. as borrower/mortgagor, and (2) foreclosing the defendants' equity of redemption in the Hopkins Street property as a result of the undisputed default on their obligation to make payments on the note and mortgage.

As the party seeking reformation, the United States "has the burden to establish, beyond a reasonable doubt, the true agreement to which the contract in question is to be reformed." Burlington Sav. Bank v. Rafoul, 124 Vt. 427, 429 (1965). The Vermont Supreme Court has stated:

> Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction in writing, either through the mistake common to both parties, or through the mistake of the plaintiff accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction.

5

Bourne v. Lajoie, 149 Vt. 45, 49 (1987)(citations and quotations omitted).

Ms. Peryea and Mr. Alexander have defended this action with little more than a "gotcha" argument; that is, despite the fact they have acted with the intent to both be bound on the note and mortgage and have retained the Hopkins Street property without meeting their attendant obligation to pay the note and mortgage, they are somehow entitled as a matter of law or equity to avoid their payment obligations and keep the property as a result of the mistaken failure by Mr. Alexander to execute the mortgage instrument at the closing.

A "mistake" which justifies reformation of the contract to conform to the parties' intent "is an unintentional act or omission arising from ignorance, surprise, imposition or misplaced confidence, and it exists when a person under some erroneous conviction of law or fact does or omits to do some act which, but for the erroneous conviction, he would not have done or omitted." Burlington Sav. Bank v. Rafoul, 124 Vt. at 430. Here, the mistake arose when the mortgage was executed and defendant Alexander's name was omitted. However, the true agreement of the parties, as demonstrated by the undisputed record, is that both defendants were intended to be owners and mortgagors of the Hopkins Street property and understood they were jointly responsible. Under these circumstances, the

relevant contracts should be brought "into conformity with the true agreement." Id. at 431.

In their latest filing submitted by recently secured new counsel, the defendants further contend that unnamed "representatives of USDA-Rural Development" misled them on several facts, including the state of repair of the home they purchased. They have cited no authority, however, to support the proposition that the poor condition of their home excuses their liability on the note and mortgage. See generally Defendants' Verified Response (Paper 83).

The mortgage is hereby ORDERED reformed to include Charles Alexander, Sr. as a borrower and mortgagor with Deborah Peryea. Furthermore, there being no dispute that the defendants have persistently and without cure defaulted on their note and mortgage obligations, the United States' Motion for Summary Judgment is GRANTED. The Motion for Judgment by Default is DENIED as moot.

The government shall submit an order for the Court's review providing for the foreclosure of the defendants' equity of redemption, as provided by law, forthwith.

SO ORDERED.

Dated at Brattleboro, Vermont, this 7th day of June, 2006.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge